**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| HERBERT WAYNE SMITH, ET AL. | CIVIL ACTION NO. 18-0995 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRW AUTOMOTIVE U.S., LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant ZF Active Safety and Electronics US LLC's ("ZF ASE LLC")[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). See Record Document 12. Also, before the Court is Defendant ZF Passive Safety Systems US Inc.'s ("ZF PSS")[2] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). See Record Document 15. Plaintiffs Herbert Smith and Kimberly Smith (collectively "Plaintiffs") oppose both motions. See Record Documents 23 & 24. For the reasons set forth below, both motions are hereby **GRANTED**.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs brought the instant suit on July 13, 2018 in the 26th Judicial District Court, Bossier Parish, Louisiana. See Record Document 1-1. Plaintiffs allege the airbag in their 2008 Dodge Caravan deployed without reason causing significant damage to Herbert Smith. See id. at 3–4. The complaint asserts claims of negligence, intentional infliction of emotional distress, and strict liability against multiple defendants, including ZF ASE LLC and ZF PSS. See id. at 2. The complaint alleges ZF ASE LLC supplied the airbag for the 2008 Dodge Caravan. See id. at 5. Further, the complaint alleges ZF PSS supplied the Occupant Restraint Control Module for the 2008 Dodge Caravan. See id.

---

[1] ZF ASE LLC was formerly known as TRW Automotive U.S. LLC. See Record Document 27.
[2] ZF PSS was formerly known as TRW Vehicle Safety Systems Inc. See Record Document 28.

The suit was removed to this Court on August 1, 2018 by Defendant FCA US LLC. See Record Document 1. ZF ASE LLC and ZF PSS filed the instant motions to dismiss asserting they are not subject to personal jurisdiction in Louisiana. See Record Documents 12 & 15. Plaintiffs oppose the motions. See Record Documents 23 & 24. Defendants filed replies. See Record Documents 25 & 26.

## LAW AND ANALYSIS

**I. Legal Standards**

    **a. Federal Rule of Civil Procedure 12(b)(2)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss a claim for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citations omitted). At this stage in the litigation, the plaintiff need only make a *prima facie* case for personal jurisdiction. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

In consideration of the motion, the court may consider: "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). However, the court "should not act as a factfinder and must construe all disputed facts in the plaintiff's favor." Walk Haydel & Assoc., Inc., 517 F.3d at 241. Further, "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted).

**b. Personal Jurisdiction**

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute authorizes personal jurisdiction to the limits of constitutional due process. See La. Rev. Stat. § 13:3201(b); see also A & L Energy, Inc. v. Pegasus Grp., 200-3255, p. 4 (La. 6/29/01); 791 So.2d 1266, 1270. Thus, the Court need only consider whether the exercise of personal jurisdiction over Defendants comports with the Due Process Clause.

To satisfy the requirements of due process the plaintiff must show: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." McFadin, 587 F.3d at 759 (internal citations omitted). The "minimum contacts" prong can be further subdivided into general or specific personal jurisdiction. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colorado, 615 F.3d 364, 368 (5th Cir. 2010).

General jurisdiction exists where the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S.Ct. 2846, 2851 (2011). General jurisdiction is extremely difficult to establish and requires proof of "extensive contacts between a defendant and a forum." Johnson v. Multidata Sys. Intern. Corp., 523 F.3d 602, 609 (5th Cir. 2008).

Specific jurisdiction, on the other hand, can be established when the defendant's contacts are less extensive. Specific jurisdiction can exist over a nonresident defendant "whose contacts with the forum state are singular or sporadic *if* the cause of action asserted arises out of or is related to those contacts." Int'l Energy Ventures Mgmt., LLC, United Energy Grp., Ltd., 818 F.3d 193, 212 (5th Cir. 2016) (emphasis in original). This inquiry "focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1121 (2014). "In other words, personal jurisdiction is proper only when the relationship arises 'out of contacts that the defendant ... creates with the forum state,' and not the defendant's contacts with the plaintiff or third parties." Int'l Energy Ventures Mgmt., LLC, 813 F.3d at 213 (internal citations omitted).

Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant must not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). To determine this fundamental fairness issue, courts must consider: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 421 (5th Cir. 1993).

II. **Analysis**

a. **ZF ASE LLC**

ZF ASE LLC asserts it is not subject to general personal jurisdiction in Louisiana because it has no continuous and systematic ties with Louisiana. See Record Document

12-1 at 1. Further, ZF ASE LLC asserts it is not subject to specific personal jurisdiction because they did not "manufacture or design any products at issue in this litigation." Id. ZF ASE LLC contends they have "no connection to this incident," therefore, there is "no basis for specific jurisdiction." Id. at 6. In support of these arguments ZF ASE LLC included an affidavit from a Senior Technical Analyst. See Record Document 12-2.

In response, Plaintiffs contend ZF ASE LLC is subject to general jurisdiction in Louisiana because it was acquired by ZF Friedrichshafen AG ("ZF") and ZF has an office in Louisiana. See Record Document 23 at 4. In support of this contention, Plaintiffs include screenshots of ZF's website. See Record Document 23-2. Further, Plaintiffs assert ZF ASE LLC is subject to specific jurisdiction in Louisiana because ZF ASE LLC placed their airbag into the "stream of commerce by supplying their products to a major car manufacture [sic] like Chrysler." Record Document 23 at 6. As support, Plaintiffs include the airbag tag from their 2008 Dodge Caravan which includes the name "TRW Automotive." Record Document 23-1.

It is abundantly clear the Court lacks general jurisdiction over ZF ASE LLC. Plaintiffs have failed to present any evidence demonstrating ZF ASE LLC's ties with Louisiana are substantial, continual, or systematic. See Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919. Rather, Plaintiffs only support for general jurisdiction is ZF's location in Louisiana and its registered agent for service of process. See Record Document 23 at 4. As Defendant correctly notes, the ZF location and agent for service of process Plaintiffs are referring to is owned by a separate business entity—ZF Marine Propulsion Systems Miramar, LLC ("ZF Marine"). See id. at 3–4. Plaintiffs made no allegations that ZF Marine is the alter ego of ZF or of ZF ASE LLC. Thus, this Court will

not impute the contacts of ZF Marine onto either ZF or ZF ASE LLC. See Cannon Mfg., Co. v. Cudahy Packing Co., 267 U.S. 333, 336–37, 45 S.Ct. 250, 251 (1925). As Plaintiffs have failed to demonstrate ZF ASE LLC's continuous and systematic ties with Louisiana, this Court lacks general jurisdiction over ZF ASE LLC.

Turning to specific jurisdiction, Plaintiffs assert that because ZF ASE LLC supplied the airbag to Chrysler in the 2008 Dodge Caravan, ZF ASE LLC should have reasonably anticipated that the airbag would be placed into the stream of commerce and end up in Louisiana. See Record Document 23 at 6. However, this argument is without merit as a Senior Technical Analyst for ZF ASE LLC attests that ZF ASE LLC "did not supply the Airbag Electronic Control Module, the Occupant Restraint Control Module, the airbag modules, or any component of the airbag system for the 2008 Dodge Caravan involved in this lawsuit." Record Document 12-2 at 2. In an attempt to rebut this evidence, Plaintiffs attach the alleged airbag tag from the 2008 Dodge Caravan containing the name "TRW Automotive." Record Document 23-1.[3] This is insufficient evidence to survive a motion to dismiss pursuant to Rule 12(b)(2).

At this stage in the litigation, "the allegations in the complaint must be taken as true, *unless* controverted by affidavits..." Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc., No. 07-3115, 2010 WL 1936208, at *1 (E.D. La. May 13, 2010); see also D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985). Here, ZF ASE LLC controverted Plaintiffs' allegation that ZF ASE LLC supplied any part of the airbag for the 2008 Dodge Caravan. See Record Document 12-2. Plaintiffs failed to credibly rebut that evidence as a mere mention of

---

[3] The picture of the airbag tag is extremely blurry and appears to be written in German. See Record Document 23-1.

"TRW Automotive" on the airbag tag is not enough to demonstrate ZF ASE LLC supplied the airbag. This is simply insufficient to rebut the affidavit of an executive within ZF ASE LLC attesting they did not supply any part of the airbag for the 2008 Dodge Caravan. See Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Serv., Inc., 622 F. Supp. 2d 276, 282 (W.D. Penn. 2008) ("General averments in an unverified complaint or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts.")

Thus, because Plaintiffs have failed to demonstrate any contacts between ZF ASE LLC and Louisiana, Plaintiffs have failed to establish a *prima facie* case of specific jurisdiction over ZF ASE LLC. Accordingly, ZF ASE LLC's motion to dismiss for lack of personal jurisdiction is **GRANTED** and all claims against ZF ASE LLC are **DISMISSED WITHOUT PREJUDICE**.

### b. ZF PSS

ZF PSS asserts it is not subject to general personal jurisdiction in Louisiana because it's not "at home" in Louisiana. See Record Document 15-1 at 6. Further, ZF PSS contends it is not subject to specific personal jurisdiction in Louisiana because it did not design, manufacture, or sell the disputed airbag modules in Louisiana. See id. at 7. Thus, ZF PSS contends it has no connection with Louisiana. See id. In response, Plaintiffs make near-identical arguments for both general and specific personal jurisdiction as it did in opposition to ZF ASE LLC. See Record Document 24.

It is again abundantly clear this Court lacks general personal jurisdiction over ZF PSS. Plaintiffs only evidence for general jurisdiction in Louisiana over ZF PSS is its connection with ZF. See Record Document 24 at 4. Plaintiffs assert that general

jurisdiction is proper because of ZF Marine's location and service of process agent located in Louisiana. See id. Plaintiffs also include a screenshot of ZF's website listing ZF PSS as one of ZF's locations for proof of a connection between ZF and ZF PSS. See Record Document 24-2.

This is simply insufficient to show ZF PSS's contacts with Louisiana are systematic, continuous, or substantial. As noted above, this Court will not impute the contacts of a business entity onto another without the requisite proof that the business entity is the "alter ego" of the other. Cannon Mfg., Co., 267 U.S. at 336–37. Merely attaching a screenshot from ZF's website listing ZF PSS as a location, without more, is not enough to demonstrate that ZF PSS is the "alter ego" of ZF or ZF Marine.[4] Therefore, because Plaintiffs failed to demonstrate substantial and continuous contacts between ZF PSS and Louisiana, ZF PSS is not subject to general jurisdiction in Louisiana.

Turning to specific jurisdiction, Plaintiffs attempt to satisfy minimum contacts through the "stream of commerce" theory of personal jurisdiction. See Record Document 24 at 6. In support of the stream of commerce argument, Plaintiffs cite a Louisiana Supreme Court decision—Ruckstuhl v. Owen's Corning Fiberglas Corporation. See 98-1126 (La. 4/13/99); 731 So. 2d 881. In that case, the Louisiana Supreme Court permitted the exercise of specific personal jurisdiction over a foreign defendant manufacturer. See id. Ruckstuhl, however, is wholly distinguishable from the instant matter because the

---

[4] Some of the factors Louisiana courts consider when determining whether an entity is the alter ego of another include: common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities. See Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F. 3d 579, 587 (5th Cir. 2010).

Court did not rely on the stream of commerce theory to exercise specific personal jurisdiction. See id. at 889.

Pursuant to Fifth Circuit precedent, minimum contacts is satisfied under the stream of commerce theory "so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" Ainsworth v. Moffett Eng'g, Ltd., 716 F.3d 174, 177 (5th Cir. 2013) (internal citations omitted). Further, Plaintiffs must clearly show that the product actually arrived in Louisiana while it was still in the stream of commerce. See id. A product remains in the stream of commerce until it is purchased by the end consumer. Seiferth v. Helicopteros Atuneros, Inc., 472 F. 3d 266, 273 (5th Cir. 2006). After such point, "a consumer's unilateral decision to take a product to a distant state, without more, is insufficient to confer personal jurisdiction over the manufacturer or distributor." Id.

Here, the airbag module left the stream of commerce, at the latest, in California when the 2008 Dodge Caravan was purchased by the end consumer. See Record Document 15-3 (CARFAX Vehicle History Report for 2008 Dodge Caravan). ZF PSS did not manufacture, design, or sell the subject airbag modules in Louisiana. See Record Document 15-2 (Affidavit of Senior Manager for ZF PSS). Once ZF PSS delivered the airbag module to the vehicle manufacturer, ZF PSS had no control over the airbag's distribution. See id. at 2. Arguably, for ZF PSS's purposes, the airbag module left the stream of commerce upon its delivery to the vehicle manufacturer. However, because it is unclear where the delivery of this specific airbag module was made, the Court will look to the forum where the vehicle was initially purchased. See Seiferth, 472 F. 3d at 273 ("Once a product has reached the end of the stream and is purchased…"). Thus, the

airbag module exited the stream of commerce in California when it was purchased by the end consumer.

This Court finds that under any interpretation of the stream of commerce theory the airbag module left the stream of commerce long before it arrived in Louisiana. Plaintiffs' unilateral post-sale act of driving the vehicle into Louisiana is insufficient to justify the exercise of specific personal jurisdiction. Because the airbag module was no longer in the stream of commerce, this Court lacks specific personal jurisdiction over ZF PSS. Accordingly, ZF PSS's Motion to Dismiss for lack of personal jurisdiction is **GRANTED** and all claims against ZF PSS are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

Based on the foregoing reasons, ZF ASE LLC's Motion to Dismiss (Record Document 12) is **GRANTED** and all claims against ZF ASE LLC are hereby **DISMISSED WITHOUT PREJUDICE**. Further, ZF PSS's Motion to Dismiss (Record Document 15) is also **GRANTED** and all claims against ZF PSS are hereby **DISMISSED WITHOUT PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 3rd day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT